AMERICAN PETROFINA, INC.
et al., Petitioners,

v.

Russell H. ALLEN et al., Respondents.

No. D–3099.

Supreme Court of Texas.

Argued Nov. 30, 1993.

Feb. 2, 1994.

Lori M. Gallagher, Andrew S. Hanen, James R. Old, Jr., Houston, Gail C. Jenkins, Beaumont, William E. Schweinle, Jr., B. Stephen Rice, Pedro F. Andarsio, Eugene A. Cook, Susan Crowley (Stevenson), Houston, D. Allan Jones, Gene M. Williams, James L. Weber, David W. Ledyard, Beaumont, Dennis R. Alenik, Houston, Boyd Wells, Beaumont, Arthur R. Almquist, Houston, George Michael Jamail, Beaumont, Michael A. Hatchell, Tyler, Douglas E. Koger, James L. Moore, Joyce B. Margrace, Edward M. Carstarphen, George J. Kacal, Robert L. Adams, Houston, Paul J. Holmes, Beaumont, Richard L. Josephson, Linda K. Jackson, Houston, for petitioners.

W. James Kronzer, Jr., Houston, Joseph C. Blanks, Cris E. Quinn, Richard J. Clarkson, Beaumont, for respondents.

DOGGETT, Justice, delivered the opinion of the Court, in which all Justices join.

In this cause we consider a contention that fraudulent concealment tolls the statute of limitations and review the effect of omitting a previously named party from a subsequent pleading.

## I.

This suit involves wrongful death and survival claims by numerous plaintiffs against numerous defendants (collectively, "Petrofina").[1] Petrofina moved for partial summary

---

1. The defendants include Air Products & Chemicals, Inc., Air Products Manufacturing Corporation, American Petroleum Institute, Amoco Chemical Company, Amoco Oil Company, Atlantic Richfield Company, BASF Corporation, Big Three Industries, Inc., Bridgestone/Firestone, Inc., Chemical Manufacturers Association, Chevron Chemical Company, Chevron U.S.A., Inc., Diamond Shamrock Chemicals Company, The Dow Chemical Company, E.I. du Pont de Nemours & Company, Inc., Estech, Inc., Ethyl Corporation, Exxon Corporation, Fina Oil & Chemical Company, The Goodyear Tire & Rubber Company, Gulf States Utilities Company, Hoechst Celanese Chemical Group, Inc., Lubrizol Corporation, Mobay Corporation, Mobil Oil Corporation (including Mobil Mining & Minerals Company and Mobil Chemical Company, Inc.), Monsanto

judgment against 39 plaintiffs on the basis of the two-year statute of limitations for such actions.[2] Plaintiffs responded that the statute of limitations was tolled until they discovered or should have discovered the fraud and concealment of their cause of action. The trial court granted partial summary judgment as to some defendants and plaintiffs based on the statute of limitations. The court of appeals reversed and remanded in part, holding that fraudulent concealment operates to toll limitations. 837 S.W.2d 415.

We need not address Petrofina's initial contention that fraudulent concealment is not an affirmative defense to a statute of limitations claim,[3] since under any resolution of this issue, the court of appeals erred in reversing the trial court's summary judgment as to plaintiffs' wrongful death and survival claims. *See Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 352 n. 1 (Tex. 1990). Petrofina met its burden to produce sufficient supportive evidence as to 37 of the 39 plaintiffs named in its summary judgment motion regarding limitations. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Since plaintiffs' response was in the nature of an affirmative defense to Petrofina's limitations claim, they could only have defeated summary judgment with sufficient evidence to raise a fact question for each of the elements of fraudulent concealment. *See Arabian Shield Dev. Co. v. Hunt*, 808 S.W.2d 577, 584 (Tex.App.—Dallas 1991, writ denied). This Court has consistently held that a party asserting fraudulent concealment has the burden "to come forward with proof raising an issue of fact with respect to [that claim]." *Nichols v. Smith*,

507 S.W.2d 518, 521 (Tex.1974); *Willis v. Maverick*, 760 S.W.2d 642, 647 (Tex.1988); *Weaver v. Witt*, 561 S.W.2d 792, 793 (Tex. 1977). Any other result would be unfair to defendants who properly assert limitations as a defense. A mere pleading or a response to the summary judgment motion does not satisfy this burden of coming forward with sufficient evidence to prevent summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *see also Keenan v. Gibraltar Sav. Ass'n*, 754 S.W.2d 392, 394 (Tex.App.—Houston [14th Dist.] 1988, no writ) (pleadings and responses, even if verified, are not summary judgment evidence). Because they offered no evidence that their wrongful death and survival claims were fraudulently concealed by defendants, whether such concealment is a defense or not, these 37 plaintiffs did not defeat the limitations defense, and summary judgment was properly rendered.

## II.

The court of appeals also held that the omission of four plaintiffs who were dropped from amended petitions but renamed in later petitions was due to excusable inadvertence or mistake. In accord with our disposition of the fraudulent concealment claim, only two of these, Joe Fazio and Gerald Dwyer, had claims not barred by limitations at the time each was first named in the suit.[4]

The initial pleading in this case named 101 plaintiffs and 9 defendants. Subsequent filings named various new plaintiffs and defendants, dropped others, and renamed some

---

Company, National Petroleum Refiners Association, Occidental Chemical Corporation, PPG Industries, Inc., Phillips 66 Company, Rohm and Haas Bayport, Inc., Rohm and Haas Texas, Inc., Shell Oil Company, Star Enterprise, Temple Inland Forest Products Corporation, Texaco Chemical Company, Texaco Chemical International Trader, Inc., Texaco Refining and Marketing Inc., Texas Chemical Council, Texas City Refining, Inc., Union Oil Company of California d/b/a Unocal, USI, a Division of Quantum Chemical Corporation, and Velsicol Chemical Corporation.

2. Tex.Civ.Prac. & Rem.Code Ann. § 16.003(b) (1986) provides:

A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

3. In challenging this contention, plaintiffs rely on *Borderlon v. Peck*, 661 S.W.2d 907, 908–09 (Tex. 1983), and *Texas & P. Ry. Co. v. Gay*, 86 Tex. 571, 26 S.W. 599, 614 (1894).

4. Although the court of appeals indicated that claims involving the deaths of R.A. Fortenberry and Samuel Baker were also not barred by limitations through their omission in amended pleadings, their actions were already time barred when initially filed.

previously omitted plaintiffs. The current Seventh Amended Petition named 985 plaintiffs and 55 defendants. Since either Dwyer or a representative of his estate, Patricia Dujay, was included in each of the amended petitions, defendants were at all times provided fair notice of claims pertaining to him. *Cf. Price v. Estate of Anderson,* 522 S.W.2d 690, 692 (Tex.1975). Fazio was named in the First, Second, and Third Amended Petitions, omitted from the Fourth, and then renamed 37 days later in the Fifth. While no reported Texas case appears to have addressed this precise circumstance, we have previously decided in a generally analogous context that the burden should be placed on the defendant to complain of an omission in the plaintiff's pleadings necessary to invoke the court's jurisdiction and prevent the running of limitations. *See Peek v. Equipment Service Co. of San Antonio,* 779 S.W.2d 802, 804 (Tex.1989). In another similar situation, the principle of "fair notice" was held satisfied by use of the generic term "et al." in an amended petition, which omitted more than one hundred plaintiffs. *Abramcik v. U.S. Home Corp.,* 792 S.W.2d 822 (Tex.App.—Houston [14th Dist.] 1990, writ denied). Here defendants presented no summary judgment evidence that they were prejudiced in any way by the omission and renaming of Fazio; instead, the evidence indicated that discovery as to him continued during the very brief interval of time when he remained formally unnamed as a party. As to Fazio and Dwyer, defendants have therefore failed to meet their burden to plead and prove their plea of limitations. *See Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 517 (Tex. 1988).

Normally, omission of a party from an amended petition indicates an intent to nonsuit. Here, however, the omission of Fazio seems to have been inadvertent. While again there is no pertinent Texas decision concerning this question, certain amend-

ments and supplements to pleadings are by statute permitted to relate back to the time of the original pleading for purposes of limitations. TEX.CIV.PRAC. & REM.CODE ANN. § 16.068 (1986). Consistent with that provision, Fazio's claim relates back and is, therefore, not time barred.[5]

We therefore reverse the judgment of the court of appeals except for the portion thereof concerning Fazio and Dwyer. The trial court summary judgment is reversed as to Fazio and Dwyer and affirmed with regard to the other 37 plaintiffs.

---

5. It appears that the same result would occur under the analogous federal rule. *See* 6 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1501 (1971):

> As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action against him, his

ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense. This seems particularly sound inasmuch as the courts will require the scope of the amended pleading to stay within the scope of the conduct, transaction, or occurrence set forth in the original pleading.