Reversed and Remanded and Opinion filed July 3, 2003









Reversed and Remanded and Opinion filed July 3, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01123-CV

____________

 

EMRIC
NOWAK AND WIFE THELMA NOWAK, Appellants

 

V.

 

DAS INVESTMENT
CORPORATION a/k/a DAS INVESTMENT CORP.,

ILABEN M. PATEL, INDIVIDUALLY AND AS HEIR TO THE ESTATE OF
MANUBHAI G. PATEL, DECEASED, and KAILASH PATEL, Appellees

 



 

On Appeal from the
County Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause
No. 758,157

 



 

O P I N I O N








This is an appeal from
the grant of a no-evidence summary judgment in a suit on a promissory
note.  Appellants, Emric and Thelma
Nowak, sued DAS Investment Corporation and Ilaben M. Patel, Individually and as
Heir to the Estate of Manubhai G. Patel, to recover on a promissory note
executed by Manubhai Patel for DAS Investment Corporation.[1]  In the summary judgment motion, DAS pleaded
that the Nowaks failed to show an exception to the four-year statute of
limitations. Summary judgment was granted, and the Nowaks appealed.  We reverse and remand. 




FACTUAL AND PROCEDURAL
BACKGROUND

On September 11, 1990,
the Nowaks sold their house to DAS Investment Corporation, a partnership owned
by Ilaben Patel.  In exchange for the
house, Manubhai Patel, Ilaben’s husband, executed a
$30,000 note and a deed of trust on behalf of DAS Investment Corporation.  The note is a demand note executed September
12, 1990, and “due within 30 days of written demand by Payee.”  The Nowaks remained in possession of the
house until September, 1997, and first demanded payment in January, 2000.   On August 30, 2001, the Nowaks filed suit
for default on the note, and alternatively sought judicial foreclosure under
the deed of trust. 

DAS filed a no-evidence
summary judgment motion claiming the Nowaks could not show an exception to the
four-year statute of limitations barring any claim on the note four years after
the date of the note’s execution.  In
response, the Nowaks argued their cause of action began to accrue from the date
of demand rather than the date of execution. 
They submitted affidavit evidence of an oral agreement that they could
not demand payment until they vacated the house.  DAS objected to the admissibility of the
affidavit evidence, but failed to obtain a ruling on its objection and thereby
waived any possible error.  McConnell v. Southside Indep.
Sch. Dist., 858 S.W.2d 337, 343 n.7 (Tex. 1993); Green
v. Indus. Specialty Contractors, Inc., 1 S.W.3d 126, 130 (Tex. App.CHouston
[1st Dist.] 1999, no pet.).  The trial
court granted summary judgment.

On appeal, the Nowaks
argueCin passingCthat DAS’s no-evidence
motion raised an affirmative defense and that DAS failed to meet its burden of
proof.  We agree.  Because a party may never properly move for
no-evidence summary judgment to prevail on its own
claim or affirmative defense for which it has the burden of proof, we reverse
and remand.








STANDARD
OF REVIEW

No-evidence summary
judgments are governed by Rule 166a(i).  See Tex.
R. Civ. P. 166a(i).  After an adequate time for discovery has
passed, a party without the burden of proof can move for no-evidence summary
judgment on the ground that the non-movant has no evidence of one or more
essential elements of its claim or defense. 
Id.  The movant need not
present summary judgment evidence, but the motion must specifically state the
element or elements for which there is no evidence.  Welch v. Coca-Cola Enters., Inc., 36
S.W.3d 532, 537 (Tex. App.CTyler 2000, pet.
withdrawn).  When reviewing the grant of
a no-evidence summary judgment, we review the evidence in a light most
favorable to the non-movant and disregard all contrary evidence and
inferences.  Lampasas v. Spring
Center, Inc. 988 S.W.2d 428, 432 (Tex. App.CHouston [14th Dist.]
1999, no pet.).  

A no-evidence motion for
summary judgment shifts the burden of proof to the non-movant to raise a
genuine issue of material fact.  Lampasas,
988 S.W.2d at 432. 
The non-movant need not marshal its proof, but only need show some
evidenceCmore than a scintillaCthat a fact issue exists.
 See id.; see also Tex. R. Civ. P. 166a(i)
cmt. 1997.  Unless the non-movant raises
a genuine issue of material fact, the court must grant the summary
judgment.  Tex. R. Civ. P. 166a(i).  

However, there is at
least one occasion when the non-movant need not respond to the no-evidence
motion[2]
because the motion should not have been filed at all.  That is when the movant files a no-evidence
summary judgment on claims or affirmative defenses for which  it has the burden of proof.  Barraza
v. Eureka Co., 25 S.W.3d 225, 231 (Tex. App.CEl Paso 2000, pet.
denied).  That is the problem with this
no-evidence motion.  See The
Honorable Judge David Hittner & Lynne Liberato, Summary Judgments in
Texas, 54 Baylor L. Rev. 1,
62 (2002) (stating that “[a] party may never properly urge a no-evidence
summary judgment on the claims or defenses on which it has the burden of proof”).









DISCUSSION

DAS did not file a
no-evidence motion on the Nowak’s suit on a note.  Instead, they filed on their own “claim,” the
affirmative defense of statute of limitations. 
As a result, DAS’s motion failed to state that the Nowaks could show no
evidence of a specific element of their cause of action on the noteCwhich Rule 166a(i) requires.  Tex. R. Civ. P. 166a(i).  Rather, the no-evidence motion asserted that
the Nowaks could not show an exception to the four-year statute of limitationsCone of the elements of
DAS’s cause of action, not an element of the Nowak’s cause of action.  This technical failure to comply with the
literal wording of the no-evidence ruleCthat
the motion must state the non-movant has no evidence to support its cause of
actionCrequires that we reverse
this case; but a fundamental reason exists for the underlying rule.  The reason for the rule is this:  if a party were able to file a no-evidence
motion on their own cause of action, it would be tantamount to allowing them to
prevail without ever proving the elements of their cause of action.  A defendant filing on an affirmative defense
is no different.  We explain below.

A defendant urging
summary judgment on an affirmative defense is in the same position as a
plaintiff urging summary judgment on a claim. 
Hittner & Liberato, supra, at 58.  Am. Petrofina, Inc. v.
Allen, 887 S.W.2d 829, 830 (Tex. 1994).  This is because an affirmative defense is “an
independent reason why the plaintiff should not recover,” not an element of the
plaintiff’s cause of action.  Tex. Beef Cattle Co. v. Green, 921 S.W.2d 203, 212 (Tex.
1996) (citation omitted).  The party
asserting an affirmative defense has the burden of pleading and proving
it.  Tex.
R. Civ. P. 94.  Only when a party
conclusively proves every element of its affirmative defense is it entitled to
summary judgment.  Tex. R. Civ. P. 166(a); Science Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex. 1997).  Thus, a defendant urging summary judgment on
an affirmative defense must come forward with summary judgment evidence for
each element of the defense.  Hittner
& Liberato at 58; Allen, 887 S.W.2d at 830.  








If we were to allow DAS
to prevail on this no-evidence motion, it would be the same as allowing a
movant to prevail on a traditional motion for summary judgment without proving
its claim/affirmative defense as a matter of law.  Clearly, under summary judgment law, we
cannot do that.  Tex. R. Civ. P. 166a(c);
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  Likewise, we cannot allow DAS to prevail on
its motion. 

In short, DAS never
proved its affirmative defense.  Consequently,
it cannot prevail on their summary judgment motion, whether it was styled as a
traditional, or a no-evidence motion. 
The judgment of the trial court is reversed and we remand the case to
the trial court.

 

 

 

/s/        Wanda McKee
Fowler

Justice

 

 

 

 

Judgment
rendered and Opinion filed July 3, 2003.

Panel
consists of Chief Justice Brister, Justices Fowler and Edelman.











[1]  Unless
otherwise noted, the appellees collectively are referred to as ADAS.@





[2]  Although,
certainly, the wisest and safest thing to do is to respond and point out why
the motion must be denied.