In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00016-CV
______________________________


TIMCO TRAVEL, INC., Appellant
 
V.
 
AMERICAN GENERAL CORPORATION, Appellee


                                              

On Appeal from the 152nd Judicial District Court
Harris County, Texas
Trial Court No. 2004-21571


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION
          Third-party defendant below, Edward J. Maull, Jr., has filed a motion to dismiss the
pending interlocutory appeal in this matter. The motion contains a certificate of conference
whereby Maull represents that appellee, American General Corporation, does not oppose
this motion to dismiss. In such a case, no real controversy exists, and in the absence of
a controversy, the appeal is moot. 
          We grant Maull's motion and hereby dismiss this appeal. 
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      February 28, 2005
Date Decided:         March 1, 2005



 after the trial court ordered separate trials,
and less than ten days before trial, Sonat filed its second and third amended petitions. Although the
listed plaintiff remains Teresa Creel, the amended pleadings omit any reference to Brooks Well
Servicing Company both in the caption listing the defendants and in the body of the petitions. The
claims by Sonat against Brooks were not severed, but remain pending in the 71st Judicial District
Court of Harrison County, Texas, and are set for jury trial on June 24, 2002. 

Cudd's response.

 Cudd does not take the explicit position that the judgment is final, but points out that because
the finality is arguable, it could not risk losing its appeal should this Court eventually conclude that
it was final. 

On the merits.

 As a general rule, the omission of a defendant from a plaintiff's amended petition has the
effect of dismissing that defendant from the lawsuit. (2) We were recently required to address this issue
in Woodruff v. Wright, 51 S.W.3d 727 (Tex. App.-Texarkana 2001, pet. denied). That case involved
successive amended petitions by the plaintiffs that omitted, in turn, all of the plaintiffs. As we
discussed in that opinion, the traditional view would have required dismissal of the lawsuit because
the amended pleading supplanted the earlier pleadings. We distinguished Woodruff, however, based
in part on the Texas Supreme Court's opinion in Am. Petrofina, Inc. v. Allen, 887 S.W.2d 829 (Tex.
1994). That case involved what the Court concluded to be the inadvertent omission by the plaintiff
of one out of 985 plaintiffs in an amended petition. The Court found that since the omission was
inadvertent, and since it did not prejudicially affect the opposing party, the later pleadings that re-added the missing plaintiff related back to the prior pleadings. 

 Under the traditional view of this situation as we discussed in Woodruff, the result of the
omission of the defendant in the amended pleading is to drop that defendant from the lawsuit. In
a typical situation, where there has been no order for separate trials and all the parties remain set for
a single trial together, we believe that is the correct result. In this case, however, there is one
differentiating factor that we find dispositive. The action against Brooks had been set for a separate
trial. The trial against Cudd was to begin in less than two weeks, while the trial against Brooks had
been postponed indefinitely. As in Woodruff, we can understand how, in this situation, and in an
effort to focus for trial, "counsel might prepare a petition that provides that focus, without realizing
the ramifications of his act." Woodruff, 51 S.W.3d at 733. 

 We hold that, in a case involving multiple parties, and after there has been an order for
separate trials (as opposed to a severance) for some of those parties, a plaintiff does not automatically
dismiss a previously named party (co-plaintiff or defendant) by filing pleadings pertaining to one
separate trial that omit that party whose rights or liabilities are the subject of another separate trial
in the same case. 

 We do not encourage such practices however, because they cause the confusion evident in
this case, as in Woodruff, and cause reasonable doubt about the finality of judgments and the
necessity of taking a premature appeal in order to protect the client. This is not a desirable result. 
It causes expense to the party that would not be necessary if the time of finality were certain as well
as defeating the principle of judicial economy. 

 We conclude that, because a portion of this same case remains live in the trial court, the
judgment against Cudd, although having the appearance of a final judgment, is not final. Our
jurisdiction is therefore not invoked, and we must dismiss this appeal. 

 Cudd also contends that because the judgment is not final, no supersedeas bond need be filed. 
This appears to be a correct analysis of the applicable rules, which provide that a judgment debtor
may supersede the judgment by filing a supersedeas bond. Tex. R. App. P. 24. Supersedeas bonds
are designed to prevent execution on a judgment. In this case, because a portion of the case remains
pending in the trial court, the judgment of the trial court is not final. Therefore, the prevailing party
cannot commence execution. There is no provision for requiring a bond to secure a plaintiff during
the pendency of a lawsuit, and there is therefore no authority for requiring a supersedeas bond in this
situation. We order the surety discharged.


 The appeal is dismissed.




 Donald R. Ross

 Justice


Date Submitted: April 19, 2002

Date Decided: April 19, 2002


Publish
1. The case was styled as Teresa Creel v. Sonat Exploration Company, Cudd Pressure Control,
and Mark Johnson. Although Johnson is listed as a defendant, he does not appear to be involved
in the appeal.
2. See Crofts v. Court of Civil Appeals, 362 S.W.2d 101, 104 (Tex. 1962).