

**NUMBER 13-07-00204-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**BOBBY WAYNE BULLOCK,**                                                    **Appellant,**

**v.**

**KEN JEROME MCLEAN,**                                                       **Appellee.**

**On appeal from the 343rd District Court of Bee County, Texas.**

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

Appellant, Bobby Wayne Bullock, hired appellee, Ken Jerome McLean, to assist him with his petition for habeas corpus relief. Dissatisfied with McLean's representation, Bullock filed suit against McLean, asserting several different claims. On December 28, 2006, the trial court granted McLean's no-evidence motion for summary judgment. By seven issues, which may be properly characterized as four, Bullock now appeals. Specifically, Bullock contends that the trial court erred by: (1) granting McLean's no-evidence motion for summary judgment; (2) denying Bullock's motion for new trial; (3) denying Bullock's request for monetary sanctions; and (4) denying Bullock's request for default judgment. We affirm.

## I. BACKGROUND

Bullock, an inmate at the McConnell Unit of the Texas Department of Corrections-Institutional Division, contacted attorney McLean on March 24, 2002, seeking McLean's services in connection with a federal petition for writ of habeas corpus. On March 31, 2002, Bullock sent a letter to McLean requesting assistance in "obtaining an evidentiary hearing on the claims he had [previously] filed" regarding his alleged actual innocence and his ineffective assistance of counsel claims. Bullock alleged that on May 14, 2002, McLean informed Bullock that he would represent him and that he would generate a written contract upon receiving a retainer. According to Bullock, although he paid $16,757.95 for McLean's services, he never received a written contract.

Bullock filed his original petition against McLean on July 18, 2005, asserting claims of: (1) legal malpractice; (2) breach of contract; (3) breach of fiduciary duty; (4) fraudulent misrepresentation; and (5) violations of the Deceptive Trade Practices-Consumer Protection Act. *See* TEX. BUS. & COM. CODE ANN. §§ 17.41-.63 (Vernon Supp. 2007). McLean filed an answer in the form of a general denial on April 13, 2006. On October 6, 2006, McLean filed a no-evidence motion for summary judgment, claiming that there had been adequate time for discovery and that there was no evidence presented to raise a genuine issue of fact on one or more elements of Bullock's causes of action. *See* TEX. R. CIV. P. 166a(i).[1] Bullock sent a response and an accompanying affidavit to the District Clerk of Bee County on November 23, 2006. Bullock then submitted an amended affidavit on November 26, 2006, two days after the deadline to file summary judgment evidence. *See* TEX. R. CIV. P. 166a(c).

On December 28, 2006, the trial court granted McLean's motion for summary

---

[1] Texas Rule of Civil Procedure 166a(i) provides as follows:

After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

TEX. R. CIV. P. 166a(i).

judgment without filing findings of fact or conclusions of law.  Bullock filed a motion for reconsideration on January 26, 2007, which was denied by the trial court on March 27, 2007.  On March 2, 2007, Bullock filed a motion for new trial, which was overruled by operation of law.  *See* TEX. R. CIV. P. 329b(c).  This appeal ensued.

## II. ANALYSIS

### A. No-Evidence Summary Judgment

By his first issue, Bullock contends that the trial court erred in granting McLean's no-evidence motion for summary judgment with regard to his claims of legal malpractice, breach of contract, breach of fiduciary duty, and violations of the Deceptive Trade Practices-Consumer Protection Act.[2]

For a no-evidence summary judgment motion to be successful, the party seeking the judgment must assert that no evidence exists as to one or more of the essential elements of the non-movant's claims upon which he would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Holstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.–Austin 2000, no pet.).  Ultimately, the burden of producing evidence to defeat a no-evidence motion for summary judgment is placed upon the non-movant.  *See Alaniz v. Hoyt*, 105 S.W.3d 330, 344 (Tex. App.–Corpus Christi 2003, no pet.).  When responding to a no-evidence motion, the non-movant is only required to present evidence that raises a genuine fact issue on the challenged elements.  *See AMS Constr. Co., Inc. v. Warm Springs Rehab. Found., Inc.*, 94 S.W.3d 152, 159 (Tex. App.–Corpus Christi 2002, no pet.) (citing *McCombs v. Children's Med. Ctr.*, 1 S.W.3d 256, 258 (Tex. App.–Texarkana 1999, pet. denied)).

Because a no-evidence summary judgment is essentially a pre-trial directed verdict, we apply a legal sufficiency standard of review.  *See AMS Constr. Co.*, 94 S.W.3d at 159;

---

[2] Bullock enumerates seven issues in his brief on appeal, alleging the trial court erred in: (1) granting summary judgment in favor of McLean on Bullock's legal malpractice claim; (2) granting summary judgment in favor of McLean on Bullock's breach of contract claim; (3) granting summary judgment in favor of McLean on Bullock's breach of fiduciary duty claim; (4) granting summary judgment in favor of McLean on Bullock's Deceptive Trade Practices-Consumer Protection Act claims; (5) denying Bullock's motion for new trial; (6) denying Bullock's request for monetary sanctions; and (7) denying Bullock's request for sanction of a default judgment against McLean.  We will address together his first four issues, challenging the trial court's granting of McLean's no-evidence motion for summary judgment.

*Holstrom*, 26 S.W.3d at 530.  No-evidence points will be sustained when the record reveals:

> (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; [or] (d) the evidence establishes conclusively the opposite of the vital fact.

*City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005) (citing Robert W. Calvert, *"No Evidence" & "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 362-63 (1960)).

In reviewing a trial court's summary judgment, "all evidence is to be construed in favor of the non-movant, to whom every reasonable inference is allowed and on whose behalf all doubts are resolved." *Entravision Commc'n Corp. v. Belalcazar*, 99 S.W.3d 393, 399 (Tex. App.–Corpus Christi 2003, pet. denied) (citing *Alvarez v. Anesthesiology Assocs.*, 967 S.W.2d 871, 874 (Tex. App.–Corpus Christi 1998, no pet.)).

Here, Bullock presented no evidence in response to McLean's motion for summary judgment.  After nearly six months of time within which to conduct discovery, the only evidence Bullock was able to produce in response to McLean's motion for summary judgment was an unsworn affidavit repeating the allegations made in Bullock's complaint.  Although an inmate may submit a unsworn declaration in lieu of a sworn affidavit, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a) (Vernon 2005), such a declaration must be "subscribed by the person making the declaration as true under penalty of perjury." *Id.* § 132.002(2) (Vernon 2005);[3] *see Bahm v. State*, 219 S.W.3d 391, 393-94 (Tex. Crim. App. 2007) (discussing the statutory requirements of an unsworn declaration).  The opening

---

[3] Section 132.001(a) of the civil practices and remedies code provides as follows:

> Except as provided by Subsection (b), an unsworn declaration made *as provided by this chapter* by an inmate in the Texas Department of Corrections or in a county jail may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law.

TEX. CIV. PRAC. & REM. CODE ANN. §132.001(a) (Vernon 2005) (emphasis added).  Section 132.002 states that "[a]n unsworn declaration made under this chapter must be:  (1) in writing; and (2) subscribed by the person making the declaration as true under penalty of perjury." *Id.* §132.002 (Vernon 2005).

paragraph of Bullock's affidavit merely stated that "[t]he following statement is of my personal knowledge and the facts therein are admissible evidence." This is insufficient to be considered an unsworn declaration in lieu of an affidavit under the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.002(2).

Bullock attempted to correct this error by filing an amended affidavit which included a sufficient jurat. However, this amended affidavit was filed after the deadline to file summary judgment evidence had expired.[4]  *See Bell v. Moores*, 832 S.W.2d 749, 755 (Tex. App.–Houston [14th Dist.] 1992, writ denied) (regarding untimely affidavits opposing a motion for summary judgment). It is not an abuse of discretion for the trial court to refuse to consider untimely affidavits opposing a motion for summary judgment. *Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 486 (Tex. App.–Dallas 1995, pet. denied) (citing *Bell*, 832 S.W.2d at 755); *see Pinckley v. Gallegos*, 740 S.W.2d 529, 532 (Tex. App.–San Antonio 1987, writ denied).

Without the affidavit as evidence, all that remained for the trial court to review was Bullock's pleading filed in response to McLean's motion. A mere pleading or response to a summary judgment motion does not satisfy the burden of coming forward with sufficient evidence to prevent summary judgment. *Am. Petrofina v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)). Bullock therefore failed to produce more than a scintilla of probative evidence to raise a genuine issue of material fact as to any of his claims against McLean. *See City of Keller*, 168 S.W.3d at 810; *Jackson*, 979 S.W.2d at 70-71. Accordingly, we conclude that the trial court's grant of McLean's motion for no-evidence summary judgment was not an abuse of discretion. Bullock's first issue is overruled.

---

[4] Texas Rule of Civil Procedure 166a(c) states that "[e]xcept on leave of court, the adverse party, not later than seven days prior to the day of hearing, may file and serve opposing affidavits or other responses." TEX. R. CIV. P. 166(a)(c). Bullock's amended affidavit was submitted only five days prior to the scheduled submission date of December 1, 2006.

**B.     Motion for New Trial**

By his second issue, Bullock alleges that the trial court erred in failing to grant his motion for new trial.  Bullock contends specifically that a new trial should have been granted because:  (1) McLean failed to provide Bullock with new copies of certain discovery documents;[5] and (2) inadequate time was provided for discovery.

We review a trial court's denial of a motion for new trial for abuse of discretion.  *In the Interest of R.R.*, 209 S.W.3d 112, 114 (Tex. 2006).  Here, although Bullock makes various allegations that McLean's attorney failed to provide documents that he requested, he points us to no authority indicating that the trial court's denial of his motion for new trial on this basis amounted to an abuse of discretion.  Further, in support of his contention that inadequate time for discovery was provided, Bullock cites only *Fort Worth Osteopathic Hospital, Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004), for the proposition that "[a] motion for summary judgment is proper only after the establishment of adequate time for discovery."  Bullock cites no authority supporting his contention that the time allotted for discovery in the instant case—nearly six months—was inadequate.  *See* TEX. R. CIV. P. 166a(i).  Moreover, Bullock directs us to no case law or statute indicating that inadequate time for discovery is an appropriate basis for the granting of a new trial.

Because Bullock failed to cite appropriate authority indicating that the trial court's denial of his motion for new trial was error, we conclude that Bullock's second issue was inadequately briefed and therefore waived.  *See* TEX. R. APP. P. 38.1(h).

**C.     Request for Monetary Sanctions**

By his third issue, Bullock claims that the trial court erred in failing to grant his request for monetary sanctions for expenses he incurred due to McLean's alleged failure to comply with discovery requests.

---

[5] During a pre-trial hearing, Bullock expressed concern that certain documents previously produced by McLean were not legible.  In response, McLean's attorney agreed to send "clean" copies of the documents to Bullock.

Citing Texas Rule of Civil Procedure 8, Bullock specifically contends that McLean's responses to certain discovery requests were improper because they were filed by an attorney other than McLean's attorney in charge. *See* TEX. R. CIV. P. 8 (providing that all communications with respect to a suit shall be sent to the attorney in charge, and that any change of that designation must be made by written notice to the court and the other parties). However, the Texas Supreme Court has held that "nothing in [Rule 8] indicates that a motion filed by an attorney other than the designated attorney in charge is void or that other attorneys are not authorized to act on behalf of the party." *City of Tyler v. Beck*, 196 S.W.3d 784, 787 (Tex. 2006); *see Sunbeam Envtl. Servs., Inc. v. Tex. Workers' Comp. Ins. Facility*, 71 S.W.3d 846, 851 (Tex. App.–Austin 2002, no pet.). Bullock does not point us to any authority indicating that a discovery response filed by an attorney other than a party's attorney in charge is improper. Accordingly, his third issue is overruled.

## D.    Default Judgment

Bullock contends by his fourth issue that the trial court's denial of his request for a default judgment against McLean was error. Specifically, Bullock claims that his request should have been granted because McLean failed to timely file an answer to Bullock's original petition. *See* TEX. R. CIV. P. 99(b) (stating in relevant part that "[t]he citation shall direct the defendant to file a written answer to the plaintiff's petition on or before 10:00 a.m. on the Monday next after the expiration of twenty days after the date of service thereof").

Generally, we review a trial court's denial of a request for default judgment under an abuse of discretion standard. *Sherman Acquisition II LP v. Garcia*, 229 S.W.3d 802, 807 (Tex. App.–Waco 2007, no pet.) (citing *Aguilar v. Livingston*, 154 S.W.3d 832, 833 (Tex. App.–Houston [14th Dist.] 2005, no pet.)). Here, the record reflects that Bullock's original petition was filed with the District Clerk of Bee County on July 18, 2005, and that McLean's original answer was filed on April 13, 2006. The record does not reflect, however, the precise date upon which McLean was served with the citation, which is the

date on which the twenty-day period would have commenced. *See* Tex. R. Civ. P. 99(b). We note also that, even if the record did establish that the twenty-day period had in fact expired, it is within the trial court's discretion to allow late filings. *See* Tex. R. Civ. P. 5. Bullock does not point us to any authority indicating that the trial court's denial of his request for a default judgment on this basis would constitute an abuse of discretion.

Because Bullock failed to cite appropriate authority indicating that the trial court's denial of his request for default judgment was in error, we conclude that Bullock's fourth issue was inadequately briefed and therefore waived. *See* Tex. R. App. P. 38.1(h).

### III. Conclusion

Having overruled Bullock's first and third issues and deeming his second and fourth issues waived, we affirm the trial court's judgment.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 21st day of August, 2008.

8