

# NUMBER 13-12-00325-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

PERRY E. SHOEMAKER AND
DEBRA SHOEMAKER RITCHIE,
INDIVIDUALLY AND AS REPRESENTATIVES
OF THE ESTATE OF
JUANITA SHOEMAKER, DECEASED,                      Appellants,

v.

DR. RICHARD LORENZ, D.O. AND
CALHOUN COUNTY, TEXAS
D/B/A MEMORIAL MEDIAL CENTER,                      Appellees.

---

On appeal from the 24th District Court
of Calhoun County, Texas.

---

# MEMORANDUM OPINION

Before Chief Justice Valdez, and Justices Benavides and Perkes
Memorandum Opinion by Justice Perkes

Appellants Perry E. Shoemaker[1] and Debra Shoemaker Ritchie, Individually and as Representatives of The Estate of Juanita Shoemaker, deceased ("Shoemakers"), filed a medical malpractice lawsuit against appellees, Richard Lorenz, D.O. and Calhoun County, Texas d/b/a Memorial Medical Center ("Hospital"), regarding the death of Juanita Shoemaker. The trial court granted summary judgment against the Shoemakers based upon limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (West 2003) (two-year statute of limitations). By a single issue, the Shoemakers contend the trial court erred by granting summary judgment because the record allegedly shows (1) Dr. Lorenz and the Hospital refused to timely release medical records despite the Shoemakers' request; and (2) their failure to timely release the requested medical records constituted fraudulent concealment, thereby expanding the limitations period. We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[2]

On September 25, 2009, Juanita Shoemaker fell and was injured at Regency Nursing and Rehabilitation Center, Inc.[3]  She was taken by ambulance to the Hospital early that afternoon where Dr. Lorenz examined and treated her in the emergency room.

---

[1]  We note that the Clerk's Record contains a suggestion of death (filed by appellants' trial counsel) as to Perry E. Shoemaker, Individually and as Personal Representative of the Estate of Juanita Shoemaker, Deceased.  *See* TEX. R. CIV. P. 63, 150, 151.  The suggestion of death was filed on January 20, 2012, before the trial court granted summary judgment and before the notice of appeal was filed.

[2]  Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.  We note that the Shoemakers' appellate brief does not include a single citation to the record.  The stated facts are generally taken from the appellants' unsworn petition and unsworn summary judgment responses.

[3]  The Shoemakers also sued Regency Nursing and Rehabilitation Center, Inc.  Regency and the Shoemakers, however, settled and filed an agreed motion to dismiss Regency from the lawsuit.  The trial court granted the motion.  Regency is not a party to this appeal.

Later the same day, Juanita was transferred back to the nursing home. Early the next morning, she died.

Juanita's family retained a Corpus Christi attorney who sent a letter to the Hospital approximately sixty days after Juanita's death stating that he represented appellant, Perry Shoemaker, "in [the] wrongful death of his wife, Juanita Shoemaker." On December 19, 2011, the Shoemakers filed this medical malpractice lawsuit against Dr. Lorenz and the Hospital, alleging survival and wrongful-death claims.

Dr. Lorenz and the Hospital both moved for summary judgment, alleging that the two-year statute of limitations barred the Shoemakers' lawsuit. They relied upon Juanita's date of treatment, as stated in the Shoemaker's petition, September 25, 2009. The Shoemakers filed a virtually identical response to each motion, alleging that they sent a notice of health-care-liability claim[4] and request for medical records on September 21, 2011, but that Dr. Lorenz and the Hospital failed to deliver the medical records within the statutory forty-five day period. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(d) (West 2003). According to the Shoemakers, the failure to release the requested medical records constituted fraudulent concealment of their cause of action against Dr. Lorenz and the Hospital, and thereby extended the limitations period. The Shoemakers' unsworn summary-judgment responses did not include any affidavit or evidentiary attachment. The trial court granted the summary judgment in favor of Dr. Lorenz and the Hospital. This appeal ensued.

---

[4] There is a dispute regarding whether the Shoemakers gave the alleged pre-suit notice of their claim, so as to toll the statute of limitations for a seventy-five day period. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(c) (West 2003). No affidavit or other evidence (written notice) was attached to their summary-judgment responses to support their allegation.

## II. STANDARD OF REVIEW

To obtain a traditional summary judgment, a movant must either negate at least one element of the plaintiff's theory of recovery or plead and conclusively establish each element of an affirmative defense. *See* TEX. R. CIV. P. 166a(c); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Once the movant produces sufficient evidence to establish the right to summary judgment, the non-movant must present evidence sufficient to raise a fact issue. *Centeq Realty, Inc.*, 899 S.W.2d at 197. When deciding whether a disputed, material fact issue precludes summary judgment, we take as true evidence favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts favor of the non-movant. *See City of Keller v. Wilson*, 168 S.W.3d 802, 825 (Tex. 2005); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985).

## III. ANALYSIS

The two-year statute of limitations governs this medical malpractice lawsuit against Dr. Lorenz and the Hospital. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a). Inasmuch as Juanita's date of treatment, as judicially admitted in the Shoemaker's petition, was September 25, 2009, the last day to timely file this lawsuit was September 25, 2011—that is, "within two years from . . . the date the medical or health care treatment that is the subject of the claim . . . [was] completed." *See id.*; *Rodriguez v. Motor Exp., Inc.*, 909 S.W.2d 521, 525 (Tex. App.—Corpus Christi 1995), *rev'd on other grounds*, 925 S.W.2d 638 (Tex. 1996) (pleadings may constitute judicial admissions for purposes of summary judgment); *see also Rodriguez v. Klein*, 960 S.W.2d 179, 183–84 (Tex.

4

App.—Corpus Christi 1997, no writ) (same). Even assuming, without deciding that the statute of limitations was tolled for seventy-five days because of the alleged September 21, 2011 notice of malpractice claim, the last day to timely file the lawsuit under that exception would have been December 9, 2011. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(c) (providing a person may extend the two-year limitations period for seventy-five days by giving notice of claim); *see also Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001) (holding statute of limitations ran from the date of treatment). The Shoemakers, however, did not file their lawsuit until December 19, 2011. In conclusion, the Shoemakers failed to file their lawsuit within the applicable statute of limitations.

To avoid limitations, the Shoemakers claim that the limitations period was "extended" because Dr. Lorenz and the Hospital allegedly refused to deliver medical records, and that their alleged refusal to deliver such documents constituted fraudulent concealment. The Shoemakers contend that their cause of action was deferred by the fraudulent concealment until they discovered or should have discovered the deceitful conduct or facts giving rise to the cause of action.

Fraudulent concealment is an equitable doctrine that provides an affirmative defense to the plea of limitations. *Hay v. Shell Oil Co.*, 986 S.W.2d 772, 778 (Tex. App.—Corpus Christi 1999, pet. denied) (citing *American Petrofina, Inc. v. Allen,* 887 S.W.2d 829, 830 (Tex.1994)). Under the doctrine of fraudulent concealment, the accrual of the plaintiff's cause of action is deferred because a defendant cannot be permitted to avoid liability for its actions by deceitfully concealing wrongdoing until the statute of limitations has run. *Id.* On summary judgment, the party asserting fraudulent

5

concealment has the burden to come forward with proof raising an issue of fact regarding fraudulent concealment. *Id.* (citing *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex. 1996); *American Petrofina, Inc.,* 887 S.W.2d at 830).

In this case, the Shoemakers did not attach any affidavit or other evidence to their summary-judgment responses, let alone any evidence of fraudulent concealment. As such, the Shoemakers failed to raise a fact issue regarding fraudulent concealment. *See id.*; *see also Centeq Realty, Inc.*, 899 S.W.2d at 197. Further, it is undisputed that they were aware of their cause of action shortly after Juanita's death, as evidenced by the letter that their attorney sent which described their claim as one for wrongful death.

The trial court did not err by granting summary judgment. We overrule the Shoemakers' sole issue on appeal.

## IV. CONLCUSION

We affirm the trial court's final summary judgment.

GREGORY T. PERKES
Justice

Delivered and filed the
14th day of November, 2013.

6