ACCEPTED
04-14-00551-cv
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/19/2015 10:20:05 PM
KEITH HOTTLE
CLERK

## NO. 04-14-00551-CV

## IN THE COURT OF APPEALS
## FOR THE
## FOURTH JUDICIAL DISTRICT OF TEXAS
## SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
2/19/2015 10:20:05 PM
KEITH E. HOTTLE
Clerk

| | | |
|---|---|---|
| PABLO SOLIZ | § | APPELLANT |
| | § | |
| V. | § | |
| | § | |
| | § | |
| STATE OF TEXAS | § | APPELLEE |

### APPEAL FROM 79th JUDICIAL DISTRICT COURT
### BROOKS COUNTY, TEXAS
### TRIAL COURT NO.  14-02-16542-CV

_____

## FIRST SUPPLEMENTED BRIEF OF APPELLANT

Rick Soliz
Attorney at Law
Texas Bar Number 00785013
P.O. Box 4051
Houston, Texas 77210
713-228-1900
Counsel Pro Bono

## ORAL ARGUMENT REQUESTED

1

## STATEMENT REGARDING ORAL ARGUMENT

The appellant requests oral argument because of the importance of the issue presented concerning whether a Texas Constable may be removed from office without government financial assistance for required training, without a training facility available for required training, and without appellee meeting its burden of proof in summary judgment evidence.

# TABLE OF AUTHORITIES

**City of Houston v. Clear Crk Basin Auth.,** 589 S.W.2nd 671 (Tex. 1979)    15

**Mathews v. Eldridge**, 424 U.S. 319, 344 (1976)    15

**Marchant v. Pennsylvania R.R.,** 153 U.S. 380, 386 (1894).    16

**Fuentes v. Shevin**, 407 U.S. 67, 81 (1972)    16

**American Pertrofina. Inc. v. Allen**, 887 S.W.2nd 829 (Tex. 1994)    17

**Brownlee v. Brownlee**, 665 S.W. 2nd 111 (Tex. 1984)    17

# INTERESTED PARTIES

Appellant - Constable Pablo Soliz

Appellee Texas Attorney General's Office – Attorney Kent Richardson

Brooks County Judge Raul Ramirez (until December 31, 2014)

Presiding and Visiting Judge of the 79th Judicial District Court

# TABLE OF CONTENTS

Statement Regarding Oral Argument                    2

Table of Authorities                                 3

Interested Parties                                   3

Statement of the Case                                5

Appellant's Points of Error                          6

Statement of Facts                                   6

Argument                                             12

Conclusion                                           18

Certificate of Compliance                            19

Certificate of Service                               19

**TO THE HONORABLE JUSTICES OF SAID COURT:**

Now comes, Pablo Soliz Jr., Texas Constable and Appellant in the above entitled and numbered cause, by and through his pro bono attorney of record, Rick Soliz, and respectfully requests that this court reverse the Order of Removal dated August 1, 2014, of Visiting Judge David Chew, and temporarily or permanently reinstate appellant to his properly held position as elected Constable of his precinct in Brooks County Texas.

## STATEMENT OF THE CASE

A hearing was held in the 79th Judicial District Court whereby the State of Texas moved for partial summary judgment based on two grounds. Appellant defended against the removal action and after arguments based on pleadings previously filed, the court granted partial summary judgment solely on the allegation that appellant did not receive training and licensure within 270 days of taking the office of constable, after being duly elected. Appellant timely filed notice of appeal and a motion for new trial, which was denied.

**APPELLANT'S POINTS OF ERROR**

I. The trial court erred by refusing to recognize the due process violations of denying appellant his right to a jury trial, requiring Appellant to receive academy training as an unfunded government mandate, and requiring Appellant to attend academy training even though the academy historically servicing Brooks County openly and illegally discriminated against Appellant by refusing to accept his application for retraining and relicensure based on his age.

II. The trial court erred by refusing to recognize the fact issues raised by Appellant regarding his defenses, of not being provided with funds for training and not being admitted to training based on age, sufficient to materially dispute movant's summary judgment evidence.

**STATEMENT OF FACTS**

The **Texas constable** is provided for in the Texas Constitution of 1876 (Article 5, Section 18). Elected officials in Texas are thus constitutionally protected and removal proceedings should be carefully scrutinized. Over the decades, most removal proceedings have had some relation to town politics. This case is no different.

Pablo Soliz Jr. is the appellant in this matter. Mr. Soliz is the oldest of eight children and was raised in Falfurrias, Texas (the Brooks County Seat). He graduated from a nearby university in 1984 with a degree in political science.

Mr. Soliz is an honorably discharged veteran with 5 children. He has held certified law enforcement positions in several decades for multiple agencies in two counties and is probably the most experienced peace officer in Brooks County. He certainly is the most educated. There does not seem to be any other local peace officer in the last six decades that has served Brooks County while maintaining a college degree. In this county, there have always been several peace officers at any particular time, elected and otherwise, over the last six decades, that would be considered illiterate by any standardized gauge or exam. It makes many wonder how they obtained and maintain their peace officer licenses (with the required testing and training) and why Mr. Soliz, the most educated, the most qualified, and the most experienced elected official in Brooks County, was singled out by the now outgoing county judge (lost recent election) for proof or licensure and training. And with so many new and more difficult qualification standards in Texas, one must wonder how all these other officials meet and maintain requirements. The answer is they do not, but who wants a community with no law enforcement available?

Brooks County was on the front page of the Corpus Christi Caller Times newspaper this summer. The piece indicated Brooks County as one of the poorest counties in the state. CR 56 The newspaper reported that peace officers

are leaving to nearby counties to work for higher pay and benefits. Brooks County recently administered pay cuts, layoffs and removal of benefits. Officers are in short supply yet the most qualified officer must now defend himself against a removal action. What Brooks County voters and taxpayers were asked about this or wanted this? Appellant's constable precinct is the largest and encompasses the far reaches of Southern Brooks County where dozens of immigrants have perished lately in the heat and sand and tons of drugs are transported yearly. This Constable is needed to help in that regard and regularly patrols those rural roads. He is familiar with the area and patrolled with his deputy (when he had one) prior to huge county budget cuts because of the incompetency of some including the outgoing county judge. Appellant's salary as constable is less than $800.00 per month and is his sole source of income other than minor benefits. He still has a middle school aged student at home. The State of Texas recently took his business and method of making a living without compensation. The welding shop (he is a welder by trade) was illegally taken without a single cent of compensation for the construction of Interstate 69 and now the state seeks to take away his last job as constable and his final source of income. CR 56

These removal proceedings were initiated with a complaint by a county

judge that is a political adversary of this constable. This same judge, who lost the March primary election and was not selected for the runoff either, is responsible for the recent demise of Brooks County. He is also being investigated for receiving a personal, yearly $15,000.00 state supplement for submitting affidavits about the number of hours (or lack thereof) he spends in the courtroom. Appellant would ask that this judge's affidavit in the previous proceedings be scrutinized thoroughly and discounted accordingly.

This court is here reminded that the Appellant has also suffered health issues, documented in the record below, with hospitalization and therapy for months. Such occurred after the petition for removal was filed.

Reading the state's petition, one would think I was representing some lawless gangster. The truth of the matter is that Brooks County and surrounding Counties have some of the most corrupt law enforcement anywhere. Recent federal prosecutions attest to that. But there is also crooked state and federal law enforcement as well in the area. And it is no secret appellant cannot be bought or compromised, so efforts to rid the area of him have become common place. It is no coincidence this case was heard by a visiting judge either. The only professional in every way associated with the investigation or prosecution of this

case is actually Kent Richardson, the assistant attorney general, who of course is not from the Brooks County area.

This is an effort by uneducated, incompetent, ill-trained, or self-aggrandizing folks to keep only like individuals in control of the Brooks County area. The most educated, experienced, truthful and professional person in Brooks County law enforcement is being singled out here by the local establishment.

Words can be cheap so appellant will provide examples. Just since the removal of appellant by the lower court recently, this officer of the court has learned appellant's constable truck has been stolen by an individual in law enforcement and disguised as a work truck. Another constable shakes down the dozen game rooms in the city of Falfurrias on a regular basis and pockets the money. The county judge refuses to try to remove a deputy constable who does not have proper training or licensure and who was not prosecuted, because of the interference of a Texas Ranger, for sexual assault of a minor. And there is more, but is there any use of continuing? Does anyone who can act really care – other than appellant?

Along the same lines, information in the record and proceedings below contains information about a felony conviction / non conviction. While it is true

that across the country police are seemingly protected and not prosecuted after they murder unarmed citizens, such is not the case in Brooks County. Appellant evidently did not have the right of lawful self-defense from a knife wielding, drugged up hoodlum. Appellant was persecuted instead because of his investigation of a murder, of a child molester in his precinct, which others wanted covered up. And what a coincidence that the sheriff who investigated appellant was run out of town after losing the next election, one prosecutor was convicted of a felony and sent to jail, the other prosecutor is the current district judge, and the previous district judge was prosecuted, convicted and removed from the bench for life. This is typical of what happens to those that illegally affect appellant since their true colors are eventually exposed. But by then the damage has occurred to appellant. Such is a regular occurrence and appellant has a hand in cleaning up the place time and time again. Another example is appellant's help purging a crooked DPS Trooper from the area through the trooper's recent firing (but of course no prosecution). And of course not so much as a thank you since it was a bother to DPS to purge one of their own.

And today, with appellant as a concerned citizen in the area even without his official capacity, everyone can be sure law violating law enforcement in the Brooks County area will be hearing from him again soon.

## ARGUMENT AND AUTHORITIES

## POINT OF ERROR ONE

The trial court erred by refusing to recognize the due process violations of denying appellant his right to a jury trial, RR 34 CR 2, 27, 38, 66, 87, requiring Appellant to receive academy training as an unfunded government mandate, RR 20-23, and requiring Appellant to attend academy training even though the academy historically servicing Brooks County openly and illegally discriminated against Appellant by refusing to accept his application for retraining and relicensure based on his age.  RR 21-22

Appellant was not requested by the Brooks County commissioner's court, as the court order implies, to produce evidence of training or licensure. CR 3 Appellant was requested to do such by the county judge Raul Ramirez. RR20, CR 1   Appellant has been a Constable or a licensed peace officer with other titles, on and off, for decades, both as a hired and as an elected official.  RR 20 The laws and regulations regarding training and therefor licensure have changed in the recent past.  Since current TCOLE (Texas licensing agency) rules are wholly inadequate regarding grandfathering provisions for previously licensed and certified officers,  appellant sought his own training and did receive days of

12

training in Huntsville recently for several days at the Criminal Justice College. RR20, 23

Current TCOLE requirements regarding grandfathering provisions work for only those who are at an abnormally old age for law enforcement. Probably to ensure there are no applicants being grandfathered. RR 20

To summarize, although Brooks County regularly provided assistance to Brooks County law enforcement to attend their training academy in Corpus Christi, county judge Raul Ramirez specifically denied funds to appellant to attend the training academy. RR 22 The past procedure for law enforcement was simply to ask the judge and the funding was forthcoming. RR 21 Notwithstanding this denial of funds, appellant made additional efforts to enroll in the training academy and personally met with the head of the training academy that is part of a Corpus Christi college. This person refused to allow Constable Soliz to submit an application or enroll. RR 21 The reason given was that appellant was too old and could not pass the physical part of the training program. RR 21 Appellant objected and complained in person to the college president who assured Appellant something would be done. Nothing was done. During the conversation with the head of the training academy, it seemed to appellant that the Brooks County judge had spoken to the head in advance.

13

Additionally, the academy head mentioned that the academy illegally could not accommodate Appellant's minor medical need (currently a disabled military veteran) of getting up at least once per hour to walk a few steps to prevent back problems form sitting too long.

Appellant made multiple well documented efforts to get funding and enter the training facility encompassing Brooks County. Mr. Soliz was illegally denied admission because of age and disability discrimination under federal and state law. Mr. Soliz met face to face with the head of the facility and was basically ridiculed and denied even the application process. RR 21 Other efforts proved fruitless as well for various reasons, mostly lack of funding, including at other facilities that Constable Soliz should not have even had to inquire about because the Brooks County area has its own facility in Corpus Christi. RR 22 The laws do not seem to contemplate this situation but justice dictates that common sense be applied by all.

Constable Soliz cannot be held accountable under new TCOLE rules if he has no control over the persons deciding who enters, by providing funding for only whom they choose and select entry for training and licensure to only those they choose. Where is an independent, elected, and constitutionally protected constable supposed to turn?

Specifically, due process requires a jury trial when requested. Appellant requested a jury trial. CR 66 Defendant has been denied his constitutional right to a jury trial. Defendant has been denied due process of law. RR 34 A motion for summary judgment should not deprive litigants of their right to a trial by jury or to try a case by affidavit. **City of Houston v. Clear Creek Basin Auth.,** 589 S.W.2nd 671 (Tex. 1979). Appellant states that with so many facts and issues in this matter, it is not possible to get a fair decision without a trial, something the government wants to ensure never happens. Why would they want appellant to be judged by a jury of his peers instead of a solitary judge who works for the government? Due process rules are shaped by the risk of error inherent in the truth-finding process as applied to the generality of cases. **Mathews v. Eldridge**, 424 U.S. 319, 344 (1976).

Due process requires this mandatory process to be fair and evenly applied, and not only for the affluent or for those who county officials choose to arbitrarily fund. There is what has become an unfunded government mandate in this case. RR 20 There are no sufficient safeguards to ensure the less affluent, indigent, as appellant is, or for those otherwise financially incapable of complying. The mandate should consider expenses of transportation, food,

lodging and/or tuition to enroll and attend the required training. In the case at hand, appellant was denied any financial procurement to comply. RR 22

Due process requires that the procedures by which laws are applied must be evenhanded, so that individuals are not subjected to the arbitrary exercise of government power. **Marchant v. Pennsylvania R.R.,** 153 U.S. 380, 386 (1894).

Due process also requires that there be a process that is not impossible to navigate. Here, appellant had no control over an illegal training school admissions policy that discriminated against him because of a disability, or because a policy (complained about in a letter, CR 34,37, from appellant to the Attorney General's office that appellee has submitted as evidence in this case) that illegally discriminated against him based on age. RR 21, CR 68-70, 79-80

Thus, the required elements of due process are those that "minimize substantively unfair or mistaken deprivations" by enabling persons to contest the basis upon which a State proposes to deprive them of protected interests. **Fuentes v. Shevin**, 407 U.S. 67, 81 (1972).

**POINT OF ERROR TWO**

The trial court erred by refusing to recognize the fact issues raised by Appellant regarding his defenses, of not being provided with funds for training and not being admitted to training based on age, sufficient to materially dispute movant's summary judgment evidence. RR 22

Defendant, as the nonmovant, chooses his own defense and is not required to prove his defense of not being allowed to enroll in the academy and not being provided with money to obtain training and licensure, in response to a motion for summary judgment, by a preponderance of the evidence or as a matter of law. But the mere raising of a fact issue is enough to defeat the summary judgment, **American Pertrofina. Inc. v. Allen**, 887 S.W.2nd 829 (Tex. 1994); **Brownlee v. Brownlee**, 665 S.W. 2nd 111 (Tex. 1984). In the case at hand, appellant and appellee (in their evidence submitted of appellant's complaint letter to the attorney general's office prior to the 270 days) both did in fact raise a fact issue regarding appellant's defense sufficient to materially dispute movant's summary judgment evidence. CR 34-37

Appellant points to the mentioned evidence regarding appellant's defense that the training academy director refused to allow him to apply for admission based on age and refused to accommodate a disability. RR 21 And that the

Brooks County Judge (appellee's affiant in the motion for partial summary judgment) refused to provide funding for appellant to attend mandatory training that is the subject of this court's judgment. RR 22 Such funding was commonplace for Brooks County officials attending mandatory training. And the movant representing the Texas attorney general's office presented evidence as well that defendant wrote to the attorney general complaining of this, prior to the 270 day deadline to receive training for licensure (and this may be the best evidence to review). Of note is the fact that appellant had already been through this same academy years earlier and had obtained his license after such enrollment and completion of academy training.

## CONCLUSION AND PRAYER

Wherefore, the appellant prays that this court reverse the Order of Removal dated August 1, 2014 in the 79th Judicial District Court and allow the people to decide the fact issues in this matter.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the attached and foregoing document will be electronically served on opposing counsel and the Attorney

General's Office.

## CERTIFICATE OF COMPLIANCE

The undersigned does hereby certify the word count in the body of this

brief to be well under the maximum limit and is about 3,200 characters.

Respectfully submitted,

/S/  Rick Soliz
Rick Soliz
T.B.N. 00785013
P.O. Box 4051
Houston, Texas   77210
713-228-1900
Pro Bono Attorney for Appellant