Court of Appeals
Fourth Court of Appeals District of Texas



# MEMORANDUM OPINION

No. 04-11-00219-CV

Jennifer **BROWNE**,
Appellant

v.

**CITY OF SAN ANTONIO**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-18014
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  January 4, 2012

AFFIRMED

This is an appeal from a trial court order granting summary judgment in favor of appellee the City of San Antonio.  On appeal, appellant Jennifer Browne contends the trial court erred in granting the City's motion for summary judgment and in sustaining its objections to her summary judgment evidence.  We affirm.

**BACKGROUND**

Browne, a former City employee with the San Antonio Police Department, filed suit against the City. In her original petition, Brown asserted claims pursuant to Title II of the Texas Labor Code, entitled "Employment Discrimination," and sought damages for past and future lost wages, mental anguish, and other pecuniary losses. *See* TEX. LAB. CODE ANN. §§ 21.051, 21.005, 21.056, 21.105, & 21.106 (West 2006). However, Browne did not state the amount of damages sought. The petition was filed in County Court at Law Number 10 on April 16, 2007. After filing her original petition, Browne filed several amended petitions, always seeking the same damage elements, but never attaching a dollar figure to her damage requests. Eventually, the City filed special exceptions to Browne's live petition, asking Browne to state the amount of damages sought. *See* TEX. R. CIV. P. 47 (stating that upon special exception, court shall require pleader to amend pleading so as to specify maximum amount of damages claimed). In response, Browne amended her petition for the fifth time, and therein realleged the damage elements previously sought, included a claim for unspecified "equitable relief," and stated the damages she sought exceeded the minimum jurisdictional limits of the county court at law and that she did not expect her damages to "exceed the minimum amount of $500,000." She repeated her damage request in the petition's prayer.

In response, the City filed a plea to the jurisdiction based on section 25.0003 of the Texas Government Code, which sets the monetary jurisdictional limits of a statutory county court. *See* TEX. GOV'T CODE ANN. § 25.0003(c) (West Supp. 2010). That provision provides that statutory county courts at law have jurisdiction over civil cases in which the amount in controversy exceed $500.00 but does not exceed $100,000.00, excluding interests, statutory or punitive damages and

penalties, and attorney's fees and costs.[1]  *Id.* § 25.003(c)(1); *see also id.* § 25.0172 (containing provisions specific to Bexar County courts at law).  The City asserted that on the face of her live petition, Browne had pled for an amount of damages outside the jurisdictional limits of the court, and therefore the court lacked jurisdiction over the matter.  The county court at law granted the City's plea and dismissed the case for want of jurisdiction by order dated October 7, 2010.

Browne did not appeal the dismissal.  Rather, on October 26, 2010, Browne refiled her claims against the City in the district court.  That petition contained the exact same claims and sought the exact damages previously sought in the county court at law.  In response, the City filed a traditional motion for summary judgment, asserting Browne's claims were barred by the applicable two-year statute of limitations because the alleged actions that formed the basis of her suit occurred in 2005 and 2006.  *See* TEX. LAB. CODE ANN. § 21.256 (setting two-year statute of limitations for claims brought under subchapter 21).

Browne did not contest her suit in district court was filed outside the relevant limitations period, but rather filed a response to the City's motion for summary judgment, asserting the tolling provisions of section 16.064 of the Texas Civil Practice & Remedies Code applied, and therefore limitations had not expired.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.064 (stating conditions under which limitations are tolled when court lacks jurisdiction).

The City objected to Browne's summary judgment evidence, specifically the affidavits presented by Browne.  The trial court sustained the City's objections and granted summary judgment in favor of the City.  Browne filed a motion to reconsider where she sought, for the first time, an opportunity to cure the alleged defects in her summary judgment proof.  At a hearing on the motion, Browne attempted to introduce additional evidence, but the City objected.

---

[1] The statutory limit of $100,000.00 is effective until January 1, 2012.  At that time, the jurisdictional limits for the statutory county courts at law will increase to $200,000.00.  Act of June 27, 2011, 82nd Leg., 1st C.S., § 4.01, sec. 25.003, Tex. Sess. Law Serv. __ (West 2011).

The trial court sustained the City's objection to the introduction of the new evidence and denied Browne's motion to reconsider. Browne then perfected this appeal.

ANALYSIS

In three issues, Browne challenges the trial court's granting of the City's objections to her summary judgment evidence and the City's motion for summary judgment. More specifically, she contends the trial court erred in determining section 16.064 of the Texas Civil Practice and Remedies Code did not apply, and erred in granting the City's objections to her summary judgment affidavits without giving her an opportunity to cure the alleged defects. We will review the issue relating to the objections to Browne's summary judgment evidence first.

*Objections to Summary Judgment Evidence*

We review a trial court's ruling sustaining an objection to summary judgment evidence for an abuse of discretion. *Paciwest, Inc. v. Warner Alan Props, LLC*, 266 S.W.3d 559, 567 (Tex. App.—Fort Worth 2008, pet. denied); *Doncaster v. Hernaiz*, 161 S.W.3d 594, 601 (Tex. App.—San Antonio 2005, no pet.) (citing *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)). A trial court abuses its discretion if it acts arbitrarily and unreasonably, that is, without reference to any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Merely because a trial court may decide a discretionary matter differently than the appellate court does not demonstrate an abuse of discretion. *Id.*

Even if a trial court errs in excluding summary judgment evidence, to obtain a reversal based on the exclusion, the appellant must establish the error was calculated to cause and probably did cause the rendition of an improper judgment. *Doncaster*, 161 S.W.3d at 601; Tex. R. App. P. 44.1(a). Errors in admission or exclusion of evidence are generally not reversible

- 4 -

unless the appellant can show the whole case turns on the complained of evidence. *Doncaster*, 161 S.W.3d at 601 (citing *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001); *Atl. Mut. Ins. Co. v. Middleman*, 661 S.W.3d 182, 185 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.)).

To address Browne's assertion that the trial court erred in granting the City's objections to her summary judgment evidence, we must first put the evidence into context. When the City filed its motion for summary judgment, asserting Browne's claims were barred by the applicable two-year statute of limitations, it also asserted Browne was not entitled to rely on the tolling provision of section 16.064 of the Texas Civil Practice & Remedies Code because her first filing in county court was made with intentional disregard of proper jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.064. Browne filed a summary judgment response in which she argued her suit was not barred because of the jurisdictional tolling provision found in section 16.064.

Section 16.064 provides that if a previously filed suit is dismissed for lack of jurisdiction, the running of the applicable statute of limitations period is tolled if the action is commenced in a court of proper jurisdiction within sixty days and the party seeking to refile establishes the original filing was not made "with intentional disregard of proper jurisdiction." *Id.* TEX. CIV. PRAC. & REM. CODE ANN. § 16.064. Once the City asserted Browne had intentionally disregarded proper jurisdiction, the burden shifted to Browne to show she did not intentionally disregard proper jurisdiction when she first filed in the county court. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 312 (Tex. 2010) (holding that once adverse party has moved for summary judgment under "intentional disregard" provision, nonmovant must show he did not intentionally disregard proper jurisdiction because it is nonmovant who has the information, and therefore should bear burden of producing it).

In support of her claim that section 16.064 of the Texas Civil Practice & Remedies Code tolled the statute of limitations, allowing Browne to refile her claim in district court, Browne proffered her affidavit, an affidavit from her attorney, and a copy of one of her county court at law petitions. By way of the affidavits, Browne attempted to establish that her original filing in the county court at law was not done with an intentional disregard for the county court's jurisdiction. The City objected to both affidavits, arguing the affidavits were conclusory. The City further objected to the attorney's affidavit on the grounds that it contained hearsay and was inadmissible due to a lack of personal knowledge, and that certain statements therein were irrelevant. The City further objected to Browne's affidavit on the ground of relevancy. The trial court sustained the objections.

On appeal with regard to the exclusion of the affidavits, Browne proffers three arguments: (1) the trial court erred in sustaining the City's objections because they were not in writing and on file prior to the summary judgment hearing, (2) the trial court was required to give Browne an opportunity to cure the defects in the affidavit pursuant to rule 166a(f) of the Texas Rules of Civil Procedure, and (3) the affidavits were not conclusory. Browne does not challenge the City's objections to the affidavits on grounds of hearsay, personal knowledge, or relevancy, which were also granted by the trial court.

As to the first argument, we agree the City did not file written objections to the affidavits and file them before the summary judgment hearing. Rather, at the summary judgment hearing, the City made oral objections to the affidavits. However, Browne has cited no authority to support her contention that oral objections are improper, particularly with regard to the objection that a summary judgment affidavit is conclusory.

The City's objection that Browne's affidavits were conclusory was an assertion of a substantive defect. *See Torres v. GSC Enterps., Inc.*, 242 S.W.3d 553, 559 (Tex. App.—El Paso 2007, no pet.) (holding conclusory statements in affidavits are defects of substance); *EOG Res., Inc. v. Killam Oil Co.*, 239 S.W.3d 293 302 (Tex. App.—San Antonio 2007, pet. denied) (same). Substantive defects are those that leave the evidence legally insufficient, and include affidavits that contain nothing more than legal or factual conclusions. *Hou-Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103 112 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Defects in the substance of an opposing party's summary judgment affidavits are not waived despite the lack of an objection in the trial court; such objections may be raised for the first time on appeal. *Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 207 (Tex. App.—Dallas 2005, no pet.) (holding claims of substantive defects in summary judgment evidence may be raised for first time on appeal); *Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.) (holding that rule 166a(f) requires party to object to defects in form of affidavit, but recognizing defects in substance of affidavit are not waived despite lack of objection in trial court). Accordingly, if such an objection need not be raised in the trial court and can be raised for the first time on appeal, such an objection cannot be waived simply because it was not presented in writing to the trial court prior to the time of the summary judgment hearing. *See id*. Accordingly, we hold the trial court did not err in sustaining the City's objection to the conclusory nature of the affidavits based on the fact it was not in writing and on file before the summary judgment hearing.

This leads into Browne's second argument, that the trial court should not have sustained the City's objection that the affidavits were conclusory without first giving Browne an opportunity to amend the affidavits. Rule 166a(f) of the Texas Rules of Civil Procedure provides that "[d]efects in the *form* of affidavits or attachment will not be grounds for reversal unless

specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." TEX. R. CIV. P. 166a(f) (emphasis added). As noted above, the objection that the affidavits were conclusory was a defect of substance, not of form, and therefore the trial court was not required to give Browne an opportunity to amend or cure. *See CA Partners v. Spears*, 274 S.W.3d 51, 63 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *EOG Res.*, 239 S.W.3d at 302; *see also Brown v. Brown*, 145 S.W.3d 745, 753 (Tex. App.—Dallas 2004, pet. denied) (holding trial court need not allow supplementation to cure substantive defect).

Finally, Browne contends the affidavits were not conclusory, and therefore the trial court abused its discretion in sustaining the City's objections. In support of her argument, Browne states, *in toto*:

> The affidavits in this case are similar to the affidavits found in Chacon v. Andrews Distrib. Co., 295 S.W.3d 715 (Tex. App. – Corpus Christi 2009, pet. denied). Moreover, based on the standards set out, subjective intent can only be proven by subjective knowledge. The affidavits were not conclusory and should have been considered. The trial court erred in its determination that the affidavits were improper and in granting summary judgment.

The Texas Rules of Appellate Procedure require an appellant to provide specific argument and analysis in the brief, which includes appropriate citations to the record and authorities. *See* TEX. R. APP. P. 38.1(i). It is not sufficient for an appellant to merely state the trial court erred and cite authority; rather, an appellant must provide argument consisting of legal analysis of the issue. *See, e.g., Gardner v. Gardner*, 229 S.W.3d 747, 756 (Tex. App.—San Antonio 2007, no pet.) (holding error was waived due to inadequate briefing where appellant provided nothing more than conclusions in the brief, failing to include any actual argument). And, when an appellant failed to provide the required analysis and argument, this court has held error waived due to inadequate briefing. *See, e.g., Niera v. Frost Nat'l Bank*, No. 04-09-00224-CV, 2010 WL 816191, at *3 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.)

(holding appellant waived error by failing to include argument or application of cited law to facts of case); *Lutz v. Collins*, No. 04-08-00496-CV, 2009 WL 330958, at *4 (Tex. App.—San Antonio Feb. 11, 2009, pet. denied) (mem. op.) (holding appellant waived error when brief contained no substantive analysis to explain or develop contention that trial court abused discretion in dismissing claim); *Eastin v. Dial*, 288 S.W.3d 491, 501 (Tex. App.—San Antonio 2009, pet. denied) (holding contention that affidavit in support of attorney's fees was conclusory was waived for failure to present argument or cite applicable authority); *In re C.L.*, No. 04-03-00638-CV, at *3 (Tex. App.—San Antonio Jan. 21, 2004, no pet.) (mem. op.) (holding appellant waived error by making nothing more than a four-sentence "argument" summarily claiming there was no evidence that termination was in best interest of children); *see generally Fredonia State Bank v. Gen Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (holding error may be waived by inadequate briefing).

Here, Browne summarily claims error, attacks only one of the objections asserted by the City, and cites no applicable authority to support her contention that the affidavits were not conclusory. Browne does not provide any substantive argument, and cites only a single case in which the propriety of the summary judgment affidavits was not even at issue. *See Chacon*, 295 S.W.3d at 721-24. Accordingly, we hold Browne has waived error by failing to brief this issue.

### *Summary Judgment*

The City filed a traditional motion for summary judgment. We review a traditional motion for summary judgment de novo. *Traveler's Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Lesieur v. Fryar*, 325 S.W.3d 242, 246 (Tex. App.—San Antonio 2010, pet. denied). A traditional motion for summary judgment should be granted only when the summary judgment movant establishes there are no genuine issues of material fact and it is entitled to

judgment as a matter of law on the grounds set forth in the motion. *Lesieur*, 325 S.W.3d at 246 (citing *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005)). In our review, we take evidence favorable to the nonmovant as true and indulge every reasonable inference from the summary judgment evidence in favor the nonmovant. *Lesieur*, 325 S.W.3d at 246 (citing *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997)).

When a defendant moves for summary judgment on the affirmative defense of limitations, as the City did here, it must prove as a matter of law when the plaintiff's cause of action accrued and that the plaintiff's suit was filed outside the relevant limitations period. *See KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *Fraga v. Drake*, 276 S.W.3d 55, 64 (Tex. App.—El Paso 2008, no pet.).

Here, the City produced summary judgment evidence to establish Browne's cause of action accrued no later than September 26, 2006, and that she did not file her petition in district court until October 26, 2010. As noted above, the statute of limitations for Browne's claims is two years. *See* TEX. LAB. CODE ANN. § 21.256. Thus, the City established, as a matter of law that Browne's claims were barred by limitations. But that does not end our inquiry. The City asserted the tolling provisions of section 16.064 did not apply because Browne filed her suit in county court with intentional disregard of the court's jurisdiction.

In response to the City's motion for summary judgment, and as noted above, Browne did not contest her suit in district court was filed outside the relevant limitations period. Rather, she filed a response to the City's motion for summary judgment, asserting, as the City had anticipated, the tolling provisions of section 16.064 of the Texas Civil Practice & Remedies Code applied, and therefore limitations had not expired. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.064.

Section 16.064, which the supreme court has held does apply to claims such as Browne's, states, in pertinent part:

> The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations period if:
>
> (1) because of a lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
> (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.064; *see In re United Servs. Auto. Ass'n*, 307 S.W.3d at 310. However, this provision "will not save a later-filed claim if the first action was filed 'with intentional disregard of proper jurisdiction,'" which is what the City alleged happened. *In re United Servs. Auto. Ass'n*, 307 S.W.3d at 312 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 16.064(b)). The supreme court has explained this provision will protect plaintiffs who mistakenly file suit in a forum that lacks jurisdiction, but it will not protect those who make a strategic decision to seek relief from such a court. *In re United Servs. Auto. Ass'n*, 307 S.W.3d at 313.

As we noted above, once the City asserted Browne had intentionally disregarded proper jurisdiction, the burden shifted to Browne to show she did not intentionally disregard proper jurisdiction when she first filed in the county court. *See id.* at 312 (holding that once adverse party has moved for relief under "intentional disregard" provision, nonmovant must show he did not intentionally disregard proper jurisdiction because it is nonmovant who has the information, and therefore should bear burden of producing it); *cf. Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994) (holding that party asserting fraudulent concealment has burden of raising it in response to motion for summary judgment and must come forward with evidence raising

fact issue on each element); *Brown v. Shores*, 77 S.W.3d 884, 889 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (Brister, J., concurring) (noting that because "diligent-service questions" focus almost entirely on efforts and thoughts of plaintiff's counsel, initial burden of presenting evidence on service should rest there). Placing the burden on the party seeking protection under section 16.064 to produce evidence that she did not intentionally disregard the court's jurisdiction, once the summary judgment movant has alleged intentional disregard, is not contrary to summary judgment law; rather, is exactly what courts have done with another limitations "tolling" provision.

Fraudulent concealment tolls the running of limitations until the fraud is discovered or could have been discovered with reasonable diligence. *Vesicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 531 (Tex. 1997). This is contrary to the discovery rule, which determines when a cause of action accrues. *Gibson v. Ellis*, 58 S.W.3d 818, 824 (Tex. App.—Dallas 2001, no pet.). The difference in the two concepts causes courts to apply different procedural rules when a party asserting limitations moves for summary judgment. When a plaintiff pleads the discovery rule in response to a summary judgment based on limitations, the summary judgment movant must negate the rule by proving as a matter of law there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury. *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex. 1990). However, when a plaintiff alleges fraudulent concealment in response to a summary judgment based on limitations, the burden is different–the party asserting fraudulent concealment has the burden to come forward with evidence raising a fact issue on each element of fraudulent concealment. *Am. Petrofina, Inc.*, 887 S.W.2d at 830. This is because fraudulent concealment is in the nature of an affirmative defense to a plea of limitations. *Id.*

Section 16.064, like fraudulent concealment, "suspends" or tolls limitations, rather than determining when a cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.064 (stating period between date of filing of action in one trial court and filing of same action in different trial court "suspends" running of applicable limitations). Accordingly, like fraudulent concealment, once a summary judgment movant asserts the "intentional disregard" provision to the nonmovant's assertion of section 16.064, the burden is on the nonmovant to "show that he did not intentionally disregard proper jurisdiction when filing the case." *In re United Servs. Auto. Ass'n*, 307 S.W.3d at 312. As the supreme court reasoned in *United Servs. Auto. Ass'n*, "[a]s it is the nonmovant who has this information, he should bear the burden of producing it." *Id.*

Accordingly, once the City alleged Browne had filed her suit in county court with intentional disregard of the court's jurisdiction, thereby negating the tolling provision of section 16.064, Browne bore the burden to show she did not intentionally disregard the county court's jurisdiction. In an attempt to carry her burden, Browne provided three documents in her summary judgment response: the affidavits discussed above and a copy of one of her original county court petitions. As discussed above, the City objected to the affidavits on several grounds, and the trial court sustained the objections. We have held Browne's challenge to this ruling was inadequately briefed. Having held the challenge to the trial court's decision to sustain the City's objections to Browne's affidavits was waived, the affidavits can form no part of our consideration of the propriety of the summary judgment. The trial court disregarded the affidavits and this decision has not been adequately or properly raised in this court, and therefore we cannot consider the affidavits as part of Browne's summary judgment evidence. Thus, with

regard to establishing she did not intentionally disregard the county court's jurisdiction when she filed her claims there, we are left with the petition.

The petition, in and of itself, provides no evidence on the issue of intentional disregard of the court's jurisdiction. Rather, it simply asserts Browne's claims and contains a general statement that the damages sought are within the court's jurisdictional limits. This petition was not the live petition at the time of the dismissal. It is undisputed that after the City filed its special exceptions, asking Browne to state the amount of damages sought, Browne alleged an amount well above the county court's jurisdictional limits. Thus, we hold Browne failed to produce any evidence that her decision to file in county court, a court without jurisdiction given the $500,000.00 damages sought, was not done with intentional disregard of the court's jurisdiction. Given this, the trial court did not err in finding the tolling provision of section 16.064 unavailable to save Browne's claims from the two-year statute of limitations.

## CONCLUSION

Based on the foregoing, we hold Browne waived any complaint with regard to the trial court's sustaining the City's objections to Browne's summary judgment affidavits, the City established its limitations defense as a matter of law, and Browne failed to come forward with any evidence to establish the county court filing was not undertaken with intentional disregard of the court's jurisdiction, thereby depriving her of the saving provision of section 16.064. Accordingly, we overrule Browne's issues and affirm the trial court's summary judgment in favor of the City.

Marialyn Barnard, Justice